COURT OF APPEALS
DECISION
DATED AND FILED

June 29, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1032**

STATE OF WISCONSIN

Cir. Ct. No. 2016CV297

IN COURT OF APPEALS
DISTRICT III

ROGER TRETT AND TRETT PROPERTIES, LLC,

    PLAINTIFFS,

  V.

SHANNAN HENDRICKS P/K/A SHANNAN ODONE,

    DEFENDANT-APPELLANT,

HARRY ODONE AND WINGS OF STEEL FOUNDATION, INC.,

    DEFENDANTS,

TIMOTHY JEWELL, AERORESTO, LLC AND AERORESTO
PARTENAIRE, INC.,

    DEFENDANTS-RESPONDENTS.

       APPEAL from orders of the circuit court for St. Croix County: EDWARD F. VLACK III, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Shannan Hendricks, pro se, appeals from a civil judgment that awarded damages, replevin, injunctive relief and attorney fees to Roger Trett and Trett Properties, LLC (collectively, Trett) and dismissed Hendricks' counterclaims against Trett. Hendricks also purports to appeal from a subsequently entered order that authorized AeroResto, LLC (a company owned by Timothy Jewell) to sell items of Hendricks' personal property in AeroResto's possession to satisfy a separate money judgment against Hendricks in favor of AeroResto. Hendricks has since settled and voluntarily dismissed Trett from this appeal. We question whether we have jurisdiction to consider Hendricks' claims against AeroResto. However, assuming without deciding that we have jurisdiction, we affirm the circuit court's dismissal of those claims.

## BACKGROUND

¶2     This case has a lengthy history arising from Hendricks' ownership and storage of a very rare Fairey Gannet T5 aircraft (the aircraft). We summarize here only the facts that are most relevant to the issues on appeal and those that provide a basic context for the parties' dispute and the scope of this court's review on appeal. We will set forth additional facts as necessary in our discussion below.

¶3     Between 2010 and 2015, Hendricks and Trett executed a series of lien agreements whereby Trett loaned several hundred thousand pounds to Hendricks to finance litigation in the United Kingdom related to spare parts for the aircraft and to service other expenditures related to the aircraft while the litigation

was pending. The lien agreements provided Trett with security interests in the aircraft and required Hendricks to repay the loans, with interest, within six months after the completion of the spare parts litigation.

¶4 While the spare parts litigation was pending, Trett purchased a hangar at New Richmond Regional Airport—referred to as Hangar 13-3—to house the aircraft and protect his security interests in it. The purchase of the hangar was conditioned on Hendricks and her husband paying rent, but the parties never agreed to terms or executed a lease. For some period of time, Hendricks and her then-husband lived in the hangar, as well as stored the aircraft, equipment, and other items of personal property there.

¶5 Final judgment in the spare parts litigation was entered in 2014, but Hendricks never made any payments on the lien agreements, nor paid any rent for the hangar. In 2016, Trett sued Hendricks[1] seeking: (1) Hendricks' eviction from the hangar; (2) replevin of the aircraft to force a sale; (3) damages on a breach of contract claim for Hendricks' failure to make payments under the lien agreements; (4) damages on an unjust enrichment claim for Hendricks' failure to pay rent on the hangar; and (5) an injunction barring Hendricks from dismantling, damaging, or removing the aircraft from the hangar. Trett obtained a temporary restraining order barring Hendricks from removing the aircraft from the hangar. The order was extended throughout the litigation.

---

[1] Trett also sued Hendricks' former husband and their jointly owned foundation, but neither Hendricks' former husband nor the foundation is currently a party to this appeal, and we will not separately address them.

¶6     About two months after filing suit, Trett sold the hangar to AeroResto. Jewell subsequently changed the locks on the hangar, and the city turned off the power to the unit (which prevented the main hangar door from opening), depriving Hendricks of access to the aircraft and her other belongings. Trett then filed a second amended complaint removing the eviction claim against Hendricks, but adding Jewell and AeroResto[2] as defendants on the claim for injunctive relief.

¶7     Hendricks' answer to the second amended complaint claimed various setoffs as affirmative defenses and raised counterclaims against Trett for breach of contract, declaratory judgment, negligence and unjust enrichment. Hendricks also raised cross-claims against Jewell and AeroResto, seeking to enjoin them from evicting her or removing the aircraft from the hangar; to gain access to her belongings; and to clarify what, if any, rent was owed for use of the hangar. In turn, Jewell and AeroResto raised counterclaims against Hendricks for eviction and money damages for "past and future rent." Subsequent filings clarified that Jewel and AeroResto were seeking an order compelling Hendricks to pay rent in an amount ordered by the circuit court, based upon evidence of comparable hangar rental rates, rather than based upon any lease or rental agreement between the parties.

¶8     On December 7, 2018, the circuit court issued two money judgments against Hendricks: one awarding $33,750 jointly to Jewell and AeroResto for unpaid use of the hangar, and another awarding an additional $4,500 solely to

---

[2] The second amended complaint also named AeroResto Partenaire, Inc., as a defendant, but that entity was dissolved in 2018 and does not appear to be connected with any of the issues raised on this appeal.

AeroResto for unpaid use of the hangar and setting the amount of monthly rent due to AeroResto going forward at $2,250. The orders were not final, however, because the court explicitly reserved ruling on whether Jewell and AeroResto could sell certain items of Hendricks' personal property still located in the hangar.

¶9 On May 17, 2019, the circuit court issued another money judgment against Hendricks awarding Trett $567,101.94 in damages on his claims. The court further granted Trett replevin of the aircraft and injunctive relief, and it dismissed Hendricks' counterclaims. The May 17, 2019 order was final with respect to Trett. Hendricks filed a notice of appeal seeking relief from it on May 31, 2019, initiating the present appeal. The appeal was placed on hold for a considerable period of time pending resolution of several procedural issues.

¶10 A few days before Hendricks filed the notice of appeal, on May 28, 2019, the circuit court issued its final order with respect to the claims involving Jewell and AeroResto, authorizing AeroResto to sell a forklift and air compressor that Hendricks had stored in the hangar and to apply the proceeds to the amount due on its judgment against Hendricks. Hendricks did not file a separate notice of appeal from that order.

¶11 On March 9, 2021, following settlement and satisfaction of the Trett money judgment, Hendricks filed a notice of voluntary dismissal as to Trett, indicating that she wished to proceed on this appeal solely against Jewell and AeroResto. Hendricks subsequently filed a brief stating that she was appealing from the final May 28, 2019 decision in favor of Jewell, and raising a series of

claims[3] against Jewell (and, by inference, AeroResto)—several of which relate back to the earlier December 7, 2018 orders regarding damages for Hendricks' unpaid use of the hangar. Jewell filed a pro se response brief; AeroResto did not file any response.

## DISCUSSION

¶12    As a threshold matter, it is necessary to address the scope of our jurisdiction over this appeal and the parties involved. "An appeal from a final judgment or order brings before the court all prior nonfinal judgments, orders and rulings adverse to the appellant and favorable to the respondent made in the action or proceeding not previously appealed and ruled upon." WIS. STAT. RULE 809.10(4) (2019-20).[4] As noted above, the subject of the notice of appeal is the final order entered in favor of Trett on May 17, 2019. The May 28, 2019, order is plainly not a "prior" order and is therefore outside the scope of this appeal.

¶13    It is less clear whether the December 7, 2018 orders are properly before us. The orders are certainly prior, nonfinal, and adverse to Hendricks, but they relate to Jewell and AeroResto rather than Trett. It is arguable that Jewell and AeroResto are not proper respondents to this appeal, given that the May 17, 2019 order appealed from was not final as to them.

---

[3] There is a disconnect between the three issues Hendricks identifies in her statement of issues and the argument section of her brief, which does not contain headings corresponding to those issues. Hendricks' argument instead discusses five overlapping issues under a different framework. For clarity, we will address Hendricks' issues in our discussion below as they are set forth in the argument portion of her brief.

[4] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

¶14   Even if we assume, without deciding, that we have authority to review the prior, nonfinal orders entered on December 7, 2018, that awarded money damages to Jewell and AeroResto, we note that all of the arguments in Hendricks' brief are undeveloped or unsupported by adequate factual and legal citations, as required by the rules of appellate procedure.  *See* WIS. STAT. RULE 809.19(1)(d), (e) (setting forth the requirements for briefs).  Hendricks has not specified what specific rulings or findings of the circuit court she is challenging or her legal grounds for doing so, instead making broad assertions that she is entitled to relief.  While we will make some allowances for the failings of pro se briefs, "[w]e cannot serve as both advocate and judge," and we will not scour the record to develop viable, fact-supported legal theories on the appellant's behalf.  **State v. Pettit**, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992); *see also* **State v. Jackson**, 229 Wis. 2d 328, 337, 600 N.W.2d 39 (Ct. App. 1999).  We will therefore address Hendricks' main contentions in only general terms.  Any additional arguments or sub-points that we do not explicitly address are deemed denied.  *See* **Libertarian Party of Wis. v. State**, 199 Wis. 2d 790, 801, 546 N.W.2d 424 (1996) (an appellate court need not discuss arguments that lack "sufficient merit to warrant individual attention").

¶15   First, Hendricks asserts that the circuit court "erred when it allowed Timothy Jewell to evict Hendricks from the Hangar 13-3, without proper notice" under WIS. STAT. § 704.17.  It is unclear whether Hendricks is referring to constructive eviction when Jewell changed the locks and the city turned off the power, or to some subsequent order of the court requiring her to vacate the premises or remove personal property therefrom.  In either case, Hendricks has not established that she was entitled to any statutory notice of eviction.  At the time AeroResto purchased the hangar, the aircraft was being stored there pursuant to

the injunction Trett had obtained against Hendricks.[5]  Absent a lease or rental agreement with AeroResto or Jewell, Hendricks has not shown how she qualified as a tenant under any of the provisions of WIS. STAT. § 704.01.  Therefore, § 704.17 did not apply to her.

¶16   Second, Hendricks contends that she should not have been required to pay damages for use of the hangar during the period of time when she was denied access to the property by the changed locks and was prevented from removing the aircraft or her belongings by injunction of the circuit court. However, Hendricks does not explain what amount of the damage awards to Jewell and AeroResto fits within those parameters.  Moreover, she does not address the fact that she had an obligation to maintain the aircraft in safe condition after using it to secure loans.  Although she asserts that she could have housed the aircraft elsewhere for less, she does not point to any evidence in the record to support that assertion.  Accordingly, we reject her contention.

¶17   Third, Hendricks disputes the amount of the arrearage referred to by the circuit court in its May 28, 2019 order and challenges the court's directive in that order that AeroResto sell a forklift and air compressor that remained in the hangar.  We reiterate that the May 28, 2019 order is beyond the scope of this appeal because the notice of appeal listed only the May 17, 2019 order, and Hendricks did not file a notice of appeal from the May 28, 2019 order.

---

[5] Given Hendricks' conflicting testimony, the circuit court was unable to determine whether Hendricks and her then-husband were still living in the hangar at the time AeroResto purchased it.  Therefore, Hendricks has no factual basis to assert any additional notice requirements that may apply to property being used as a dwelling.

¶18 Fourth, Hendricks asserts that the circuit court "erred when it allowed Timothy Jewell to withhold [Hendricks'] personal property from her." However, it appears that Hendricks has now collected all of her own personal property, and the only remaining items in the hangar besides the plane are large pieces of equipment belonging to the foundation she jointly owned along with her then-husband. Hendricks has no standing to assert claims belonging to the foundation.

¶19 Fifth, Hendricks alleges that she was not properly served paper copies of orders from the circuit court and submissions from other parties who had opted into the electronic filing process. She does not identify any way in which the alleged lack of service affected the court's decisions she challenges on appeal. Hendricks has therefore failed to show that she is entitled to relief due to the alleged lack of service.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.